UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES STEVEN KENT,

        Petitioner,

v.                                     CASE NO. 2:11-CV-14114
                                       HONORABLE PATRICK J. DUGGAN

SHERRY BURT,[1]

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO SUPPLEMENT

Michigan prisoner Charles Steven Kent ("Petitioner") has filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions and life sentences in 1982 for armed robbery and first-degree criminal sexual conduct. Respondent has filed an answer to the petition and the state court record. This matter is before the Court on Petitioner's motion to supplement his petition to include an August 13, 2013 polygraph examination report, which

---

[1] Petitioner was incarcerated at the Ryan Correctional Facility when he initiated this action. He informs the Court that he now is incarcerated at the Muskegon Correctional Facility. (ECF No. 7.) Therefore, the proper respondent in this action is now Sherry Burt, Warden of the Muskegon Correctional Facility. *See* Rule 2(a) of the Rules Governing § 2254 Cases. The Court is thus *sua sponte* amending the case caption.

Petitioner asserts supports his claim of newly-discovered evidence and actual innocence.

Rule 7 of the Rules Governing § 2254 permits a federal habeas court to supplement the state court record with materials relevant to the resolution of the petition. Petitioner seeks to supplement his petition to place new factual material before this Court which was not a part of the state court record. The United States Supreme Court has made clear, however, that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, – U.S. – , 131 S. Ct. 1388, 1398 (2011). *Cullen* thus precludes Petitioner from supplementing his petition as requested. *See, e.g., Amos v. Renico*, 683 F.3d 720, 728 n. 3 (6th Cir. 2012) (relying on *Cullen* to deny the petitioner's motion to supplement the record with information never presented to the state courts); *Kirby v. Attorney General ex rel. New Mexico*, No. 11-2082, 2011 WL 4346849, *11 (10th Cir. Sept. 19, 2011) (denying the petitioner's requests for expansion of the record and evidentiary hearing based upon *Cullen*); *Atkins v. Clarke*, 642 F.3d 47, 48 (1st Cir. 2011) (rejecting appeal from denial of habeas evidentiary hearing request).

Accordingly,

**IT IS ORDERED**, that Petitioner's motion to supplement is **DENIED**.

Dated: September 23, 2013          s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:
Charles Steven Kent, #161961
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442

AAG Andrea M. Christensen